**No. 59926.**—Samuel Barotz & Co., Inc. *v.* United States, petitions 7179–R and 7181–R (New York).

EKWALL, Judge: These cases, which were consolidated for trial, consist of petitions for remission of additional duties assessed by reason of the fact that the final appraised values of certain Japanese merchandise, entered at the port of New York, exceeded the values declared on entry. (Section 489, Tariff Act of 1930.) The merchandise consists of imitation pearls and beads. It appears that appeals for reappraisement were filed which, insofar as they pertained to the *per se* value of the merchandise, were abandoned, due to the fact that after the war it was impossible to obtain evidence.

Petitioner, in support of its claim for remission herein, introduced the testimony of the president of the importing corporation. His testimony may be summarized as follows: He had been an importer of beads and novelties from various countries, including Japan, for about 25 years. His corporation employed the services of four commissionaires in checking prices. Price lists were received from these commissionaires about every week, and he was in constant touch with the market. In the case of the instant importations, he was convinced that the invoice prices were correct and instructed his customhouse broker to enter at those prices. He also conferred with the customs officials as to the prices. However, the appraiser did not agree with him, and he decided to litigate the matter. The market in Japan was fluctuating at that time, but the trend was downward, due to the fact that the Japanese were trying to obtain all the United States dollars possible. He also discussed the prices with other importers of similar goods, and they agreed with him as to the prices. Appeals for reappraisement were filed and were partially won, insofar as the item of commission was concerned. As to the *per se* value, no evidence could be obtained, due to the war conditions. Subsequent to the war, nothing could be done, due to the death of the particular commissionaire involved and to the fact that some of the others were out of business and, as to the one who remained in business, his office had been destroyed. Therefore, petitioner instructed his attorneys to abandon the reappraisement appeals as to the *per se* value.

The witness further testified that he at no time concealed any of the facts from the appraiser or any Government officer, nor did he misrepresent any of the facts bearing on the case nor intend to defraud the revenue of the United States.

Government counsel stated at the conclusion of this witness' testimony that "all information and advice which has come to the office of the Assistant Attorney General with respect to these matters is highly favorable to the importer."

Upon this record, we find that petitioner has produced satisfactory evidence that the entry of the merchandise at values lower than the appraised values was without intention to defraud the Government or deceive its officials. The petitions are, therefore, granted.